

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Oct 08 2013, 5:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID LEE O'BANION, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1303-CR-124 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D08-1106-FA-14

**October 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

David Lee O'Banion appeals his sentence after he pleaded guilty but mentally ill to burglary, as a Class A felony. O'Banion raises the following two issues for our review:

1. Whether the trial court abused its discretion when it sentenced O'Banion.

2. Whether O'Banion's sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 29, 2011, the State charged O'Banion with burglary, as a Class A felony. On January 17, 2013, O'Banion, without an agreement from the State, pleaded guilty but mentally ill to the charge. The trial court accepted O'Banion's plea and sentenced him to forty-five years, with ten years suspended to probation. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

O'Banion first argues on appeal that the trial court abused its discretion when it sentenced him. "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id. (quotation omitted).

As our supreme court has explained:

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors. . . .

Id. at 490-91 (citations omitted).

Here, the trial court's written sentencing statement declares that the court found "no mitigation." Appellant's App. at 13. O'Banion seizes on this statement on appeal and asserts that the trial court erred in disregarding his mental illness and guilty pleas as mitigators. O'Banion is incorrect.

The trial court's written sentencing statement is not consistent with its oral sentencing statement. At the sentencing hearing, the trial court explained:

Clearly the mental history speaks for itself. It has been documented.

* * *

[O'Banion's lawyer] has talked about mitigating circumstances[,] that being [O'Banion's] mental health issues across the course of time. And I will agree that poses a tremendous problem when we're dealing with people and what do we do with them after they commit crimes because mental illness goes with a lot of this . . . .
The alcohol and the non-prescription drugs. The $100 worth of crack and however much you were drinking that cuts against you, okay? It is substance abuse. [A]nd I have been doing drug court for a long time and

3

I know once you make a stupid mistake and you start using drugs, you keep using drugs. But, you know, we have to deal in this particular situation and with every crime with behavior . . .

. . . I would love to see that the sentence[,] when I take your plea of guilty but mentally ill[,] means they will send you to a hospital and help work with you and your issues[.] . . . Can I bet the [D]epartment of [C]orrection[] will do that? No. But I still have to take that into account. . . . [Y]ou are mentally ill. That was the plea we took.

\* \* \*

Do I think there are some mitigating circumstances? Yeah. And I considered them . . . . I'm going to suspend ten years of the sentence in part because I think that he is right the longer you stay in the [D]epartment of [C]orrection[] with what I think will be minimal, if any, mental health stuff we are going to have some issues. We're going to have issues no matter what. But I would like to see at the end of this whole process you're on a probationary period.

Sentencing Transcript at 16, 19-20, 26-27. Thus, the trial court's oral pronouncement makes clear that the court considered O'Banion's mental illness and his guilty plea as mitigating circumstances, even though the court concluded that those mitigators were clearly outweighed by O'Banion's criminal history, history of substance abuse, and the impact of O'Banion's crime on his ninety-four-year-old victim.

When the trial court's oral and written sentencing statements are in conflict, "[t]his Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing." McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007). Here, both statements reflect a forty-five year term with ten years suspended to probation. But only the trial court's oral statements reflect the court's rationale to both impose a forty-five year term and to suspend ten years of that term to probation. Accordingly, we credit the oral statement as the statement that accurately pronounced O'Banion's sentence. As

4

such, O'Banion's argument that the trial court failed to consider his mental illness and guilty plea as mitigating circumstances is without merit.

### Issue Two: Appellate Rule 7(B)

O'Banion also asserts that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal

5

role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

We cannot say that O'Banion's sentence is inappropriate. Although O'Banion suffers from mental illness and pleaded guilty but mentally ill, he also has a long history of crime, including crimes of violence. In particular, O'Banion's criminal history began when he was seven years old, and since then he has juvenile adjudications for drug violations, public intoxication, shoplifting, and two incidents of theft. O'Banion's adult history includes Class B felony burglary, Class C felony burglary, and two battery convictions. He has also previously violated the terms of his probation. Finally, the instant offense was against a ninety-four-year-old woman who had hired him to help to maintain her lawn, and in the course of his crime he caused her physical injury that resulted in $1,000 of medical expenses. In light of the nature of the offense and O'Banion's character, we cannot say that a forty-five-year term, with ten years suspended, is inappropriate.

Affirmed.

MATHIAS, J., and BROWN, J., concur.